
UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-33505-C-7
)
MARTIN TAILLEFER, ) DC No. FW-1
)
       Debtor. )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

<u>Findings of Fact</u>

On September 9, 2005, Patricia Taillefer ("the creditor") obtained a small claims judgment against debtor in the amount of $1,579.43. The creditor obtained a writ of execution and caused

the Sheriff to take possession of debtor's automobile on September 26, 2005.

Less than a month later, debtor filed a voluntary petition under chapter 7 on October 3, 2005. Debtor's Schedule C lists an exemption in the vehicle for $6,925 pursuant to § 703.140(b)(5). Debtor's Schedule F indicates that Patricia Taillefer has a small claims judgment in the amount of $1,572.00 against debtor.

On October 10, 2005, the debtor filed a motion requesting that this court avoid a judgment lien in favor of Patricia Taillefer. The motion also requested that the Sheriff be required to return the debtor's automobile to him.

The lien attaches to the debtor's 2000 Chevrolet Impala automobile ("automobile"). The debtor properly served notice and the creditor did not file an opposition. A hearing was scheduled for November 8, 2005 to consider the motion. Upon review of the record, the court decided to submit the matter on the record presented and removed the matter from calendar.

<u>Conclusions of Law</u>

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection. 11 U.S.C. § 522(f)(1). Here, the record reflects that the lien in favor of Patricia Taillefer impairs an exemption to which the debtor is entitled. As such, the debtor may avoid the lien in favor of Patricia Taillefer.

Moreover, the court is persuaded that the debtor may avoid the transfer of the interest in the vehicle pursuant to 11 U.S.C.

§ 522(h). Accordingly, there is no valid basis for the Sheriff to retain the custody of the vehicle. The debtor is not liable for any impound or other fees that may have accrued as a result of the Sheriff's action.

Accordingly, the motion will be granted. An appropriate order will issue.

Dated: November 10, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | |
| 3 | On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office. |

Patricia Taillefer
1416 First Street
Escalon, CA 95320

Sheriff's Civil Division
7000 Michael N. Canlis Blvd.
French Camp, CA 95231-9781

Martin Taillefer
1394 Pajaro #19
Manteca, CA 95336

Randall K. Walton
P.O. Box 830
Modesto, CA 95353-0830

Hank Spacone
Chapter 7 Trustee
P.O. Box 255808
Sacramento, CA 95865

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: NOV 15 2005

_____
Deputy Clerk